674 A.2d 510

**In the Matter of the REINSTATEMENT to the Bar of Maryland OF Michael Patrick KEEHAN.**

**Misc. (Subtitle BV) No. 16, Sept. Term, 1992.**

Court of Appeals of Maryland.

April 9, 1996.

Reconsideration Denied May 31, 1996.

Andrew Jay Graham, Baltimore, for petitioner.

Melvin Hirshman (Bar Counsel for Attorney Grievance Commission of Maryland), for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

PER CURIAM:

The Attorney Grievance Commission charged Michael Patrick Keehan with violations of the former Code of Professional Responsibility, DR 1–101(A), which subjects a lawyer "to discipline if he has made a materially false statement in, or if he has deliberately failed to disclose a material fact requested in connection with, his application for admission to the bar."

The matter was referred to the Honorable A. Owen Hennegan of the Circuit Court for Baltimore County, who found as a fact that Keehan had violated the rule when, as a Maryland resident and a member of the Pennsylvania bar, he submitted an application for admission to the Maryland bar pursuant to Maryland Rule 14 of the Rules Governing Admission to the Bar. That Rule permits a member of the bar of another state to seek admission to the bar of this State if "for at least five of the seven years immediately preceding the filing of his petition [the petitioner] has been regularly engaged ... as a practitioner of law...." A "practitioner of law," for purposes of Rule 14, is defined in the rule as a member of the bar of another state

who throughout the period specified in the petition has regularly engaged in the practice of law in such jurisdiction as the principal means of earning his livelihood and whose entire professional experience and responsibilities have been sufficient to satisfy the Board that the petitioner should be admitted under this Rule.

Keehan graduated from the University of Baltimore School of Law in 1973. He was unsuccessful in several attempts to pass the Maryland Bar Examination. Beginning in Septem-

ber of 1972, Keehan was employed as a claims adjuster by the United States Fidelity and Guaranty Company (USF & G), remaining there until March of 1982 while residing and working in Baltimore. In the meantime, Keehan passed the Pennsylvania bar examination and was admitted to practice in that State on November 24, 1974. From 1975 until 1982, Keehan shared a law office gratuitously in York, Pennsylvania, where his practice was described by Judge Hennegan as "minimal." Keehan petitioned for admission to the Maryland bar under Rule 14 on May 12, 1980, representing on his application that he qualified for admission to the Maryland bar as an out-of-state attorney under the rule. He claimed that he had been a practitioner of law, as defined in Rule 14, as the principal means of earning his livelihood was "the practice of law" for at least five years during the seven-year period beginning in May 1973.

Keehan did not disclose in his application for admission to the bar his full-time employment with USF & G in Baltimore nor his office-sharing arrangement in Pennsylvania. Based on the averments of his application, Keehan was admitted to the Maryland bar in November 1981. Subsequently, the Attorney Grievance Commission filed a Petition for Disciplinary Action against him, alleging violation of DR 1–101(A) for misrepresenting his eligibility for admission to the Maryland bar without taking the regular bar examination. Judge Hennegan concluded that Keehan had violated Rule DR 1–101(A) in that he "did ... deliberately misrepresent and make false and material misstatements in answer to questions 11(a) and (b) and further that his failure to disclose his full-time employment in answer to question 12 could have readily misled the bar examiners." Moreover, Judge Hennegan stated that "if the examiners had been alerted, an inquiry would certainly have been made which may have divulged some material information concerning [Keehan] prior to his application and admission to the Maryland Bar."

In agreeing with Judge Hennegan's findings, we made these observations:

Rule 14 is designed to afford a benefit to lawyers who have practiced lawfully for at least a minimum period of time. The benefit occurs because a lawyer who meets the rule's practice requirements is excused from taking the comprehensive two-day bar examination normally required of those who seek admission to practice in Maryland. Instead, the out-of-state-attorney applicant need submit to a test of but three hours duration, with subject matter limited to practice and procedure and professional ethics. Board [of Law Examiners] Rule 3.

The reason for this privilege rests on the assumption that a lawyer who has regularly engaged in the practice of law, as a chief means of earning the lawyer's living over a period of years, has sufficient legal knowledge to demonstrate at least minimum competence; hence, it is not necessary to apply the rigors of the full examination to make that determination.... It is, therefore, of basic importance that the Board of Law Examiners has before it information from which it can determine whether a Rule 14 applicant has engaged in practice to the extent required by the rule. Thus, it is important that an applicant disclose to the board all facts bearing on this subject.

*Attorney Griev. Com'n v. Keehan,* 311 Md. 161, 167, 533 A.2d 278 (1987).

We further noted:

(H)ad the board been informed of (and checked into) Keehan's employment at USF & G during the critical 1972–1980 time frame, the Rule 14 application would undoubtedly have been rejected. At the hearing before Judge Hennegan, Keehan said that his work as a claims supervisor was full-time, forty hours a week. He admitted that in his Pennsylvania practice he handled but "ten to fifteen cases a year" and "worked about fifteen hours a week ... on the practice." This desultory activity simply does not show one "who throughout the period specified in the petition has

regularly engaged in the practice of law ... as the principal means of earning his livelihood.... Rule 14 d."

*Id.* at 168, 533 A.2d 278.

Finally, we said that Judge Hennegan

could infer from the circumstances present in this case that Keehan, aware of the practice requirements of Rule 14, aware of his apparent inability to pass the Maryland bar examination, and aware of his only occasional practice in Pennsylvania, deliberately concealed his employment at USF & G so that the board would be unaware that this employment, and not the practice of law, was his principal means of livelihood. Judge Hennegan did so infer. His factual findings are "prima facie correct and ... will not be disturbed unless clearly erroneous."

*Id.* at 169, 533 A.2d 278.

Concluding that it was Keehan's deliberate and calculated intention to avoid taking the Maryland bar examination, we disbarred him on November 20, 1987.

██  Keehan filed a Petition for readmission to the Maryland Bar on May 13, 1992. We referred the matter to Bar Counsel for appropriate investigation and hearings. Consistent with our cases, four principal criteria had to be evaluated:

1. The nature and circumstances of [petitioner's] original misconduct.
2. [Petitioner's] subsequent conduct and reformation.
3. [Petitioner's] present character.
4. [Petitioner's] present qualifications and competence to practice law.

*See, e.g., In re Braverman,* 271 Md. 196, 199–200, 316 A.2d 246 (1974).

██  The three-person panel voted 2 to 1 for readmission to the Bar but not before November 20, 1997. The Review Board voted 14 to 1 against readmission, stating that Keehan's original admission was based on fraud and misrepresentation and to now reinstate him to the bar would reward him for the very conduct for which he was disbarred. The Review Board

suggested as an alternative, if he was to be readmitted, he should be required to pass the regular comprehensive bar examination. In this regard, the Review Board said that while Keehan was competent in some narrow areas of the law, it was not convinced that he was presently competent to satisfy the last of the four criteria.

After hearing oral argument in this matter, reading the memoranda of counsel, and considering the letters of recommendation written on Keehan's behalf, we are satisfied that Keehan has demonstrated compliance with the first three of the above criteria. As to these, he has demonstrated his fitness to become a member of the Maryland bar, but only if he takes and passes the regular comprehensive Maryland bar examination. If he is successful in this endeavor, he will be eligible for admission to the Maryland bar, subject to the customary character update, and payment of all costs of this proceeding in the amount of $1,415.50.

Judge Eldridge would admit Keehan.